UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-12348-RWZ

MARIANNE J. FANTINI

v.

SALEM STATE COLLEGE

ORDER

June 29, 2010

ZOBEL, D.J.

Plaintiff Marianne Fantini's claim against Salem State College for gender discrimination in the workplace under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq., is back before this court on remand from the Court of Appeals. This court had dismissed plaintiff's seven-count amended complaint in March of 2007 (Docket # 36); on appeal, the dismissal was affirmed save for the Title VII discrimination claim, <u>Fantini v. Salem State College</u>, 557 F.3d 22 (1st Cir. 2009).[1] The parties subsequently engaged in discovery and defendant has now moved for summary judgment on that sole remaining claim.

The facts, in relevant part, show that plaintiff was the director of general accounting at Salem State College.[2] She notified her supervisor of errors committed by

---

[1] Plaintiff's continued assertion of her Mass. Gen. Laws ch. 151B claim is futile. The dismissal of that claim was expressly affirmed. <u>Fantini</u>, 557 F.3d at 36.

[2] The court will indulge all reasonable inferences in the nonmoving party's favor. <u>Santiago-Ramos v. Centennial P.R. Wireless Corp.</u>, 217 F.3d 46, 52 (1st Cir. 2000).

another employee.  She alleges that her supervisor took no action against the other employee and, instead, began to harass her verbally.  Plaintiff suffered a mental breakdown and took medical leave.  While she was on leave various mistakes were discovered in the college's financial books, books that plaintiff was responsible for maintaining, and, on the supervisor's recommendation, plaintiff was fired.  Plaintiff alleges that she was verbally harassed and ultimately fired because of her gender.

**I.    Analysis**

Summary judgment will be rendered if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The burden is on the party opposing summary judgment to set out specific facts showing a genuine issue.  Id.  Affidavits which merely reiterate allegations in the complaint without providing specific factual information based on personal knowledge are insufficient.  Santiago-Ramos, 217 F.3d at 53.   A factual dispute is "genuine" only if a reasonable jury could find for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When a Title VII plaintiff lacks direct evidence of discrimination, as is the case here, see Weston-Smith v. Cooley Dickinson Hosp., Inc., 282 F.3d 60, 65 (1st Cir. 2002) (discussing what qualifies as direct evidence), the case is litigated within a burden shifting framework.  Fontanenz-Nunez v. Janssen Ortho LLC, 447 F.3d 50, 55 (1st Cir. 2006) (citing Smith v. Stratus Computer, Inc., 40 F.3d 11, 15-16 (1994)).  Plaintiff bears the initial (and relatively light) burden of establishing a prima facie case of discrimination which requires her to show that (1) she is a member of a protected

class; (2) she was performing her job at a level which rules out the possibility that she was fired for inadequate job performance; (3) she suffered an adverse job action by her employer; and (4) her employer sought a replacement for her with roughly equivalent qualifications.  Smith, 40 F.3d at 15.  The employer must respond with a legitimate, non-discriminatory reason for the adverse job action.  Id. at 16.  The plaintiff then bears the ultimate burden of proving that (1) the articulated reason is a pretext; and (2) the true reason is discriminatory.  Id.

Defendant argues that plaintiff cannot make out a prima facie case and, even if she could, she cannot prove that she was discriminated against on the basis of gender.  The first argument fails.  The plaintiff, by the narrowest of margins, has produced enough evidence of adequate job performance to carry her light burden of establishing a prima facie case.  There is no dispute that the college's financial record contained errors, but plaintiff's own deposition testimony and the affidavit of Gloria Glove attribute that failing to specific misconduct by others.  (Fantini Dep. 78-79, 82, Docket # 57 Ex. 2; Glove Affidavit ¶ 8, Docket # 58 Ex. 1.)

Plaintiff, however, cannot show that the proffered reason for her termination, the failure to maintain audit-ready books, was mere pretext for gender discrimination.  Her assertion of gender-based animus relies entirely on conclusory statements in the Glove affidavit. (See, e.g., Glove Affidavit ¶ 9 ("I also have witnessed Matilda Del'Vecchio harrass [plaintiff] on the basis of her gender"), ¶ 10 (parroting the four elements of the prima facie case).)  The affidavit does not include any specific facts which support an

inference of gender discrimination.[3]

## II.   Conclusion

Defendant's motion for summary judgment (Docket # 57) is ALLOWED.

Judgment may be entered for defendant.

|  |  |
|---|---|
| June 29, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

[3]It is unclear whether plaintiff's claim is in any way premised on disparate treatment, but if so, she has produced no evidence that a male employee similarly situated was treated differently.  See Smith, 40 F.3d at 17.